[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appeal for the assessment of damages filed by the defendant for the taking of certain real property situated in the city of Meriden and more precisely bounded and described as follows:
 A certain piece or parcel of land containing 969 square feet, more or less, a right to grade containing 40 square feet, more or less, and a right to construct concrete driveway(s) containing 500 square feet, more or less and an easement to install and maintain less, all as shown on a map entitled "City of Meriden Map Showing Land Acquired From Hancock Reality Corp. by The City of Meriden East Main Street Road Improvements", Joseph A. Franco Director Public Works/City Engineer, by Pierre Blanchet, PE/LS, Associate City Engineer, Scale 1" = 40 feet, dated December 1992 and revised 7/30/93, said parcel being more particularly bounded and described as follows:
 EASTERLY: By land now or formerly of Carabetta Enterprises, Inc., 6.2 feet, more or less;
SOUTHERLY: By East Main Street, 156 feet, more or less;
WESTERLY: By Gravel Street, 29 feet, more or less;
 NORTHEASTERLY: By remaining land of the Grantor, as shown on said map, 41 feet, more or less, said line being a curved line;
 NORTHERLY: By remaining land of the Grantor, 131 feet, more or less, a portion (69 feet, more or less) of which is along a curve line.
was referred to the undersigned, to view the land, take testimony and reassess such damages.
The defendant deposited the sum of $6,500.00 with the clerk of this court, being $5,800.00 for the land and $700 for the CT Page 6451 value of the easement.
A hearing was held on November 16, 1996, and the premises were viewed on June 16, 1997.
"Damages recoverable for a partial taking are measured by application of the before and after rule to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value . . .
In condemnation proceedings, the trial court is more than a trier of facts or an arbiter of differing opinions of witnesses; it is charged with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, its general knowledge and its viewing of the premises." D'Addano v. Transportation Commission,180 Conn. 358, 3 5. 365.
The fair value for the land as found by the appraiser for the plaintiff was $12,113.00.
The fair value for the land as found by the appraiser for the City was $5,800.00. The fair value for the land found by the court is $9,690.00.
The appraiser for the plaintiff also found that the plaintiff would lose one parking space. The court agrees, although it may be argued as to the loss. The adjustment of one-half of the parking space is made. The amount of $11,000.00 is deemed appropriate. The City filed a letter to the effect that no variance will be sought due to the action of the City.
The referee finds that the fair value on its date of taking was $21,390.00 and that the damages should be re-assessed accordingly.
The State Referee further finds that $6,500.00 was deposited by the defendant with the clerk of this court for the use of the persons entitled thereto on account of the damages to be awarded, and that the deficiency between the fair value of the property and the amount so deposited is $14,890.00; that as part of the CT Page 6452 costs in this action the defendant should pay the plaintiff reasonable appraisal fees in the amount of $2,700.00 and reasonable fees for expert testimony in the amount of $1,000.00 incurred in connection with this appeal.
Whereupon it is adjudged that the damages be and they are hereby assessed at $21,390.00, and that the defendant shall pay to the plaintiff $14,890.00 being the amount of the deficiency as above determined, together with interest thereon from the date of the taking of the premises to the date of the payment, together with costs taxed at $ ___________.
By the Court
Robert P. Burns Judge Trial Referee